# 99 DTA 150

RECEIVED
NOV 1 0 1999

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE BAYAMON**

EL PUEBLO DE PUERTO RICO

v.

MIGUEL FIGUEROA RODRIGUEZ
Imputado

Núm. KLCE-99-00347

San Juan, Puerto Rico, a 10 de mayo de 1999

Panel integrado por su Presidente, el Juez Gierbolini,
la Juez Hernández Torres y el Juez Cordero

Gilberto Gierbolini, Juez Ponente

".

## TEXTO COMPLETO DE LA RESOLUCION

La Lcda. Agnes T. Emanuelli Rivera (en adelante licenciada Emanuelli), por derecho propio, acude ante nuestra consideración y solicita que revoquemos la Resolución emitida el 29 de marzo de 1999 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Bayamón. En dicha Resolución el Foro de Primera Instancia designó a la licenciada Emanuelli como representante legal del imputado Miguel Figueroa Rodríguez (en adelante Figueroa Rodríguez) en el caso VP99-2152-2153.

Luego de analizar el escrito presentado ante nuestra consideración, DENEGAMOS la expedición del auto.

### I

Mediante Resolución de fecha de 29 de marzo de 1999, y notificada el 2 de abril de 1999, la licenciada Emanuelli fue designada abogada de oficio de Figueroa Rodríguez en caso VP99-2152-2153. El Foro de Primera Instancia señaló la celebración de la vista preliminar para el 12 de mayo de 1999 a las 8:30 de la mañana. Inconforme con su designación, la licenciada Emanuelli presenta ante este Tribunal un escrito en el cual expone que no pertenece a la Delegación de Abogados de la Región de Bayamón, que nunca ha postulado ante los Tribunales del país y no está dedicada a la práctica de Derecho Penal, por lo que su designación sería en detrimento de los derechos que le asisten a Figueroa Rodríguez. Finalmente, solicita que dejemos sin efecto su designación como representante legal del imputado.

### II

El Capítulo III, Regla 22, del Reglamento para la Asignación de Abogados o Abogadas de Oficio en Procedimientos de Naturaleza Penal, ___ D.P.R. ___ (1998); **98 J.T.S. 91,** páginas 1288, 1295, establece lo siguiente:

*"Regla 22. Selección y Asignación de Abogado o Abogada*

*Luego de que se haya determinado que la persona es indigente, el Tribunal le asignará como abogado o abogada de oficio a aquél o aquélla cuyo nombre esté en turno en la lista correspondiente. Para determinar si en un caso específico el abogado o la abogada próximo en la lista debe ser nombrado o no, el juez deberá tomar en consideración los elementos siguientes:*

*(a) La complejidad particular o conocimiento especializado necesarios para atender el procedimiento de naturaleza penal ante su consideración;*

*(b) El período de tiempo que tomará el proceso y el calendario de señalamientos cercanos del abogado o de la abogada a ser designado o designada;*

*(c) El reparo que pueda levantar el abogado o la abogada designado a representar a la persona imputada, ya sea por principios profesionales o personales;*

*(d) La oposición que pueda levantar la persona imputada a la designación. En este caso el Tribunal celebrará una audiencia para recibir la prueba que sostenga la oposición. Cuando la intimidad de la persona imputada o el derecho a juicio imparcial así lo requiera, la audiencia podrá celebrarse en privado.*

*Si existe alguna de estas circunstancias, el tribunal asignará la representación al abogado o a la abogada*

*que siga en turno en la lista, siempre tomando en consideración los elementos anteriormente enumerados.*

*El abogado a la abogada asignada asumirá la representación profesional del indigente de inmediato.*

*Cuando la complejidad del caso lo amerite, el juez podrá asignar un abogado o una abogada auxiliar para que asista al abogado o abogada de oficio designado. Ambos abogados o abogadas estarán sujetos a lo establecido en este reglamento."*

Por otro lado, el Canon 18 de Etica Profesional, 4 L.P.R.A., Apéndice IX, establece que:

*"Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.*

*...".*

En el caso de autos la licenciada Emanuelli no ha presentado ante el Tribunal de Primera Instancia el planteamiento que hoy trae ante la consideración de este Tribunal; por lo tanto, el recurso ante nos es prematuro. La licenciada Emanuelli deberá exponer su planteamiento en la vista preliminar del caso VP99-2152-2153, *Pueblo v. Miguel Figueroa Rodríguez,* y el Tribunal de Primera Instancia deberá considerarlo a la luz de los derechos constitucionales del imputado, de lo expresado en la presente resolución y lo decidido por nuestro Tribunal Supremo en el caso *Víctor Ramos Acevedo v. Tribunal Superior, Sala de San Juan,* ___ D.P.R. ___ (1993); **93 J.T.S. 96.**

### III

Por los fundamentos ante expuestos, DENEGAMOS la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General